# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

    v.                                      Case No. 6:20-cv-2209-Orl-CEM-GJK

**REAL PROPERTY LOCATED AT
9070 MAYFAIR POINTE DRIVE,
ORLANDO, FL., 32827,**

      **Defendant.**

## UNITED STATES' CONSENT
## MOTION FOR JUDGMENT OF FORFEITURE

The United States moves the Court, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Supp'l Rule G, Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, for a Judgment of Forfeiture for the following defendant asset:

> The real property, including all improvements thereon and appurtenances thereto, located at 9070 Mayfair Pointe Drive, Orlando, Florida 32827 which is legally described as follows:
>
> Lot 14, LAKE NONA ESTATES PARCEL 8, according to the Plat thereof, recorded in Plat Book 60, Page(s) 125 and 126, of the Public Records of Orange County, Florida
>
> Parcel ID Number: 07-24-31-4694-00140
>
> Titled Owners: Avinash and Shanaz Singh

(Defendant Property). In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

**I.     Procedural History**

1. On December 4, 2020, the United States filed a Verified Complaint for Forfeiture *in Rem* seeking to forfeit the Defendant Property as it was purchased with proceeds traceable to wire fraud offenses, in violation of 18 U.S.C. § 1343, and involved in a money laundering transaction, in violation of 18 U.S.C. § 1957. *See* Doc. 1.

2. On December 16, 2020, the Defendant Property was served a copy of the Verified Complaint for Forfeiture *in Rem*, Notice of Complaint, and Lis Pendens as required by 18 U.S.C. § 985(c)(1)(B) and Rule G. Doc. 8.

3. Thereafter, on February 17, 2021, Avinash Singh was charged in a Superseding Indictment with wire fraud and money laundering offenses stemming from the same fraud which gave rise to the instant matter. *See United States v. Avinash Singh*, Case No. 6:20-00165-CEM-LRH at Doc. 31.

**II.    Potential Interests in the Asset Sought for Forfeiture**

4. The only persons or entities known to have an alleged interest in the Defendant Property are Avinash Singh, Shanaz Singh, the Orange County Tax Collector, and Angel Oak Mortgage Solutions, LLC.

### A. Avinash Singh and Shanaz Singh

5. On December 2, 2020 and December 3, 2020, both Avinash and Shanaz Singh, the titled owners of the Defendant Property, signed "Consents to Forfeiture," whereby they both consented to the civil forfeiture of the Defendant Property. *See* Composite Exhibit A. Pursuant to the terms of the Consents for Forfeiture, Avinash and Shanaz Singh waived their rights to receive notice of these proceedings. *Id*.

### B. Scott Randolph, the Orange County Tax Collector

6. On December 30, 2020, after receiving direct notice of these proceedings, the Orange County Tax Collector filed a timely claim. Doc. 18. On January 5, 2021, the United States filed a Notice Recognizing the Interest of the Orange County Tax Collector. Doc. 19.

### C. Angel Oak Mortgage Solutions, LLC

7. On or about January 20, 2021, after receiving direct notice of these proceedings, the United States and Angel Oak Mortgage Solutions, LLC, the mortgage holder, entered into a Stipulated Settlement Agreement.[1] *See* Exhibit B. The United States agreed to recognize Angel Oak Mortgage Solutions, LLC's

---

[1] Because Angel Oak Mortgage Solutions, LLC timely contacted the undersigned about its interest in the Defendant Property, and entered into a settlement agreement resolving its claim, the undersigned did not require Angel Oak Mortgage Solutions, LLC to file a claim to have its interest in the Defendant Property recognized.

3

interest in the Defendant Property as outlined by the terms of the settlement agreement between the parties. *See id*.

### D. All Other Third Parties

8. Notice of this civil forfeiture action against the Defendant Property was published for thirty (30) consecutive days on an official government internet site (www.forfeiture.gov) beginning on December 18, 2020 and ending on January 16, 2021, as evidenced by the Declaration of Publication filed with this Court on January 19, 2021. Doc. 20. The publication gave notice to all third parties with a legal interest in the subject property to file with the Clerk of the Court, 401 W. Central Blvd., Suite 1200, Orlando, Florida 32801-0120, a petition to adjudicate their interest within 60 days of the first date of publication.

9. To date, no other third party, other than the Orange County Tax Collector and Angel Oak Mortgage Solutions, LLC, whose claims have been settled, has filed a claim to adjudicate an interest in the Defendant Property, and the time for filing such claims has expired.

## II. Legal Argument

### A. The Property is Subject to Forfeiture

Based on the facts, which are more fully set forth in the Verified Complaint and Superseding Indictment against Avinash Singh, the Defendant Property is subject to the forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) because

it was purchased with proceeds traceable to wire fraud offenses, in violation of 18 U.S.C. § 1343, and involved in a money laundering transaction, in violation of 18 U.S.C. § 1957, *See* Doc. 1, and the Superseding Indictment in *United States v. Avinash Singh*, Case No. 6:20-00165-CEM-LRH at Doc. 31.

Section 981(a)(1)(C) authorizes the United States to civilly forfeit any property that constitutes or is derived from proceeds traceable to a "specified unlawful activity," as defined in 18 U.S.C.§ 1956(c)(7). "Specified unlawful activity," is defined in 18 U.S.C. § 1956(c)(7) to include offenses listed in 18 U.S.C. § 1961(1), which includes wire fraud offenses in violation of 18 U.S.C. § 1343.

Additionally, the monetary transaction made to purchase the Defendant Property was conducted in violation of 18 U.S.C. § 1957(a) because it was knowingly conducted with more than $10,000 in funds derived from specified unlawful activity (specifically wire fraud offenses), and, as such, it is subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

### B. All Claims Have Been Resolved

As required by Rule G(4)(a)(iv)(C), the United States posted notice of this forfeiture on an official government internet website (www.forfeiture.gov) for at least 30 days, beginning December 18, 2020. Doc. 20. Under Rule G(5)(a)(ii), a person or entity was required to file a claim to the contest the forfeiture of the Defendant Property within the time stated on the direct written notice, or not later than 60 days

after the first date of internet publication. The internet publication gave instructions for filing a claim in the form of a Statement of Right or Interest, to be filed with the Clerk of the Court, 401 W. Central Blvd., Suite 1200, Orlando, Florida 32801-0120 within the time prescribed by law.

In accordance with the provisions of Rule G(4)(b)(i), the Orange County Tax Collector and Angel Oak Mortgage Solutions, LLC were provided with direct notice of this action when they were sent a copy of the Verified Complaint. As noted above, the United States has recognized the interests of both the Orange County Tax Collector and Angel Oak Mortgage Solutions, LLC. Furthermore, Avinash and Shanaz Singh executed "Consents to Forfeiture" wherein they agreed to the forfeiture of the Defendant Property.

### C.   All Claims Have Been Resolved

In order to contest a forfeiture action, a person or entity must file a claim by the time stated in a direct notice sent under Rule G(4)(b), or no later than 60 days after the first day of publication on the official internet government forfeiture website. *See* Rule G(5)(a)(ii)(A) and (B). When all claims have been adjudicated, or if no claims are filed, it is appropriate to enter a final order of forfeiture.

Publication and noticing to persons and entities with a known legal interest in the Defendant Property having been effected, and the only outstanding claims by the

Orange County Tax Collector and Angel Oak Mortgage Solutions, LLC having been settled, it is now appropriate to enter a judgment of forfeiture in the instant case.

WHEREFORE, the United States respectfully requests that this Court enter a Judgment of Forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(A), (a)(1)(C), and Rule G, forfeiting to the United States of America all right, title, and interest in the Defendant Property, for disposition according to law.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:   s/Nicole M. Andrejko
      Nicole M. Andrejko
      Assistant United States Attorney
      Florida Bar No. 0820601
      501 West Church Street, Suite 300
      Orlando, FL 32805
      Telephone:  (407) 648-7500
      Facsimile:  (407) 648-7643
      E-Mail:  Nicole.Andrejko@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Michael A. Paasch, Esquire
Counsel for Orange County Tax Collector

I hereby certify that I mailed on February 25, 2021, the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant:

Angel Oak Mortgage Solutions, LLC
c/o Jan Timothy Williams
Lapin & Leichtling, LLP
1767 Lakewood Ranch Blvd. #333
Bradenton, FL 34211

                                                        s/Nicole M. Andrejko
                                                        Nicole M. Andrejko
                                                        Assistant United States Attorney